```
             UNITED STATES DISTRICT COURT
                DISTRICT OF MINNESOTA
                Civil No. 11-945(DSD/SER)
```

Deborah L. Koenen,

       Plaintiff,

v.                                                              **ORDER**

Homecomings Financial LLC,
formerly known as Homecomings
Financial Network, Inc., GMAC
Mortgage, LLC, Federal National
Mortgage Association and John and
Jane Does 1-10,

       Defendants.

    Amoun Van Sayaovong, Esq., Legal Solutions LLC, 150 Eaton, Street, Suite 105, St. Paul, MN 55107, counsel for plaintiff.

    Donald G. Heeman, Esq., Randi J. Winter, Esq. and Felhaber, Larson, Fenlon & Vogt, PA, 220 South Sixth Street, Suite 2200, Minneapolis, MN 55402, counsel for defendants.

    This matter is before the court upon the motion to dismiss by defendants Homecomings Financial LLC f/k/a Homecomings Financial Network, Inc. (Homecomings); GMAC Mortgage, LLC (GMAC) and Federal National Mortgage Association (Fanny Mae).[1]  The court heard oral argument on August 26, 2011.  Based on a review of the file, record and proceedings herein, the court grants the motion.

---

    [1] Koenen also named "John and Jane Does 1-10" but never identified or served those defendants.

**BACKGROUND**

This mortgage dispute arises out of a mortgage loan from Homecomings to Koenen for a home located at 1236 12th Avenue West in Shakopee, Minnesota. On April 29, 2008, Koenen and Homecomings executed a promissory note in exchange for a mortgage to Mortgage Electronic Registration Systems (MERS) as the nominal mortagee. Compl. ¶¶ 12-13. According to Koenen, the transaction occurred at her home. Id. ¶ 12. According to the Settlement Statement submitted by Koenen, the place of settlement was 1850 121st Street East, Suite 107 in Burnsville, Minnesota. Id. Ex. 1, ECF No. 1-1, at 35. That same day, nonparty Chad Roberts[2] notarized the documents. According to Koenen, Roberts was not present when Koenen and Homecomings executed the documents. Id. ¶ 15; id. Ex. 6, ECF No. 1-1, at 65. Koenen paid $100 for Roberts's services. Id. ¶ 16. According to Koenen, she received one unsigned copy of the Notice of Right to Cancel and did not receive an Itemization of Amount Financed.

According to GMAC, Koenen did not meet her payment obligation and was delinquent $6,128.34 as of May 8, 2010. Id. Ex. 5, ECF No. 1-1, at 60. MERS assigned interest in the mortgage to GMAC on May 28, 2010. Id. ¶ 30. GMAC began foreclosure by advertisement, and

---

[2] Koenen's exhibits suggest that a notary public named Chad Robert Alan Michaels notarized the documents. See Compl. Ex. 1, ECF No. 1-1, at 34. The court refers to the notary public as "Roberts."

filed notices with the Scott County Registrar. Id. ¶ 31. On July 27, 2010, GMAC purchased the home at a sheriff's sale. Id. ¶ 32.

On October, 25, 2010,[3] Koenen sent a rescission notice and qualified written request (QWR) to GMAC. Id. ¶ 25. According to Koenen, GMAC did not provide an answer to the rescission request. GMAC responded to the QWR. See id. Ex. 2.

On March 17, 2011, Koenen filed an amended complaint in her state-court action in which she sought a declaration that Homecomings failed to provide certain disclosures required by the Real Estate Settlement Procedures Act (RESPA) and the Truth in Lending Act (TILA); claimed that Homecomings committed fraud; and sought declaratory and injunctive relief against all defendants under the Minnesota Deceptive Trade Practices Act (MDTPA). Defendants timely removed and move to dismiss for failure to state a claim.

## DISCUSSION

### I.   Standard

To survive a motion to dismiss for failure to state a claim, "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009)

---

[3] Other sources in the record show the date to be December 9, 2010. See Compl. Ex. 2; Pl.'s Mem. Opp'n 4.

(quoting Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)). "A claim has facial plausibility when the plaintiff [has pleaded] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)). Although a complaint need not contain detailed factual allegations, it must raise a right to relief above the speculative level. See Twombly, 550 U.S. at 555. "[L]abels and conclusions or a formulaic recitation of the elements of a cause of action are not sufficient to state a claim." Iqbal, 129 S. Ct. at 1949 (citation and internal quotation marks omitted).

The court does not consider matters outside the pleadings in deciding a motion to dismiss under Rule 12(b)(6). See Fed. R. Civ. P. 12(d). The court may consider, however, materials "that are part of the public record," Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999), and matters "necessarily embraced by the pleadings and exhibits attached to the complaint," Mattes v. ABC Plastics, Inc., 323 F.3d 695, 698 n.4 (8th Cir. 2003).

**II. TILA**

The TILA "assure[s] a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available." 15 U.S.C. § 1601(a). The court broadly construes the TILA in favor of consumers. Rand Corp. v. Moua, 559 F.3d 842, 847-48 (8th Cir. 2009). In transactions secured by a

principal dwelling, the TILA gives borrowers an unconditional three-day right to rescind. Id. §§ 1635(a), 1641(c). The required disclosures include two copies of a notice of the three-day right to rescind. 12 C.F.R. § 226.23(b)(1). If "the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, *or upon sale of the property*, whichever occurs first." Id. § 226.23(a)(3) (emphasis added); see 15 U.S.C. § 1635(f).

Defendants argue that Koenen's claim for rescission fails because the home was sold at a sheriff's sale in July 2010. Koenen responds that the limitations of § 1635(f) do not apply because she seeks recoupment under 15 U.S.C. § 1640(e). Koenen's argument fails because the sale of the property extinguished her right to rescind. See Hintz v. JP Morgan Chase Bank, 2010 WL 4220486, at *4 (D. Minn. Oct. 20, 2010); see also 15 U.S.C. § 1635(f). Moreover, the TILA is "uncompromising" in extinguishing a consumer's right to rescission, and the Supreme Court has rejected the application of recoupment to § 1635(f). Beach v. Ocwen Fed. Bank, 523 U.S. 410, 418-19 (1998). Despite Koenen's characterization of her lawsuit as "defensive," her claims seek affirmative relief. In short, her

right to rescission expired on July 27, 2010, and recoupment does not apply to Koenen's claims.  Koenen did not seek rescission until December (or October) 2010.  Therefore, dismissal is warranted.[4]

**III.  MDTPA**

Koenen did not respond to the motion to dismiss her MDTPA claim, and dismissal is warranted on that basis alone.  Moreover, the Minnesota private attorney-general statute "applies only to those claimants who demonstrate that their cause of action benefits the public."  Ly v. Nystrom, 615 N.W.2d 302, 314 (Minn. 2000).  As a result, a "single one-on-one transaction" where the alleged misrepresentation was made only to the plaintiff "is not a claim that could be considered to be within the duties and responsibilities of the attorney general to investigate and enjoin."  Id.  Here, Koenen seeks relief on her own behalf, not for the benefit of the public.  Therefore, the MDTPA claim fails, and dismissal is warranted.[5]

**IV.  RESPA**

Koenen also failed to respond to the motion to dismiss her RESPA claim, and dismissal is warranted on that basis alone.  The

---

[4] For these same reasons, Koenen's claim that defendants failed to respond to her rescission request also fails.  Defendants had no obligation to respond to a moot request for rescission.

[5] The claim also fails because Koenen provides no facts from which the court could infer that defendants' practices or her receipt of only one copy of the TILA right to rescind constitutes a likelihood of confusion or misunderstanding within the meaning of the MDTPA.

claim also fails on the merits because there is no dispute that defendants timely responded to her QWR. See Compl. Ex. 2. Moreover, Koenen's itemized HUD-1 statement contradicts her claim that the form was deficient. See id. Ex. 1. Therefore, Koenen fails to state a RESPA claim, and dismissal is warranted.

**V.    Fraud**

A plaintiff must plead fraud with particularity. See Fed. R. Civ. P. 9(b). To satisfy the heightened pleading requirement, a plaintiff must plead "the time, place and contents" of the false representations, the identity of the individual who made the representations and what was obtained thereby. BJC Health Sys. v. Columbia Cas. Co., 478 F.3d 908, 917 (8th Cir. 2007). Under Minnesota law, a plaintiff establishes a claim for fraudulent misrepresentation by establishing that: (1) there was a false representation by a party of a past or existing material fact susceptible of knowledge; (2) made with knowledge of the falsity of the representation or made as of the party's own knowledge without knowing whether it was true or false; (3) with the intention to induce another to act in reliance thereon; (4) that the representation caused the other party to act in reliance thereon; and (5) that the party suffered pecuniary damage as a result of the reliance. Hoyt Props., Inc. v. Prod. Res. Grp., L.L.C., 736 N.W.2d 313, 318 (Minn. 2007).

Defendants argue that Koenen fails to plead her fraud claim with particularity. Koenen responds that she stated that Homecomings committed fraud by telling her that a notary would be available and by charging her $100 for the notary's services. There is no dispute that Roberts notarized the documents. Even assuming that the notary public was not present when Koenen signed the documents, she was aware of his absence and executed the documents anyway. As a result, there can be no false representation of an existing fact: the notary public was not there and Koenen knew so. For this same reason, Koenen also fails to plead facts from which the court could infer that a belief that a notary would be present induced her to sign the documents. Further, Koenen also fails to present facts showing how her reliance that a notary would be present caused her pecuniary damage. Therefore, Koenen fails to state a claim of fraud, and dismissal is warranted.

## CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED** that the motion to dismiss [Doc. No. 2] is granted.
**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  September 6, 2011

                                             s/David S. Doty
                                             David S. Doty, Judge
                                             United States District Court